## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HYDROGEN MASTER RIGHTS, LTD., CARL LE SOUEF and PRAVANSU MOHANTY, PH.D.,** | |
| **Plaintiffs,** | **Case No. 1:16-cv-00474-RGA** |
| **v.** | |
| **DEAN WESTON, ENGINEERING INTERESTS, LLC, PAUL DAVID MANOS, SIGNIFICAN GLOBAL ENERGY INTELLECTUAL PROPERTY TRUST, SIGNIFICAN AUSTRALIA ENERGY INTELLECTUAL PROPERTY TRUST, TRACY COATS, and THE CLIENT IS EVERYTHING, LTD.,** | |
| **Defendants.** | |

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
### OF DEAN WESTON

Defendant/Counterclaim-Plaintiff Dean Weston hereby responds to the Amended Complaint filed by Plaintiffs Hydrogen Master Rights, Ltd. ("HMR"), Carl le Souef ("le Souef ") and Pravansu Mohanty ("Mohanty") (D.I. 22), all upon information and belief.

### GENERAL DENIAL

Unless specifically admitted below, Weston denies each and every allegation in the Amended Complaint. To the extent the headings of the Amended Complaint are construed as allegations, they are each denied.

## The Parties

1.      Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same, except it is admitted that HMR is a Delaware corporation.

2.      Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint.

3.      Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint.

4.      Admitted.

5.      Admitted.

6.      Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

7.      The averments of this paragraph are Denied.  To Weston's best knowledge and information, Significan Global Energy Intellectual Property Trust ceased existing after having assigned all its rights to Weston, and no longer exists.  Any purported service on the entity is null and void, because the entity no longer existed at the time of the purported service.

8.      The averments of this paragraph are Denied.  To Weston's best knowledge and information, Significan Australia Energy Intellectual Property Trust ceased existing after having assigned all its rights to Weston, and no longer exists.  Any purported service on the entity is null and void, because the entity no longer existed at the time of the purported service.

9.      Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

10.      Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

**Jurisdiction And Venue**

11.     Admitted that this Court has subject matter jurisdiction.

12.     The averments of this paragraph are Denied.  To Weston's best knowledge and information, Significan Global Energy Intellectual Property Trust and Significan Australia Energy Intellectual Property Trust ceased existing after having assigned all their rights to Weston, and no longer exist.  Any purported service on the entities was null and void, because the entities no longer existed at the time of the purported service. Weston lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph of the Amended Complaint.

13.     Admitted that the Court has personal jurisdiction over Weston and that venue is proper.  Otherwise, Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

14.     Denied.

15.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

16.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

17.     Admitted that venue is proper, but otherwise Denied.

**Statement Of Facts**

18.     The averments of this paragraph are Denied, except it is Admitted that this case relates to technologies and other rights that HMR purchased in December 2011.  Those purchased technologies and other rights may be given the name "Hydrogen Technology,"

without ascribing to the term any limitation on the purchased technologies and rights as described in the Purchase Agreement.

19.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

20.     Admitted.

21.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

22.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

23.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

24.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

25.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

26.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

27.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

28.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

29.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

30.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

31.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

32.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

33.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

34.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

35.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

36.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

37.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

38.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

39.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

40.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

41.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

42.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

43.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

44.     The averments of this paragraph are Denied.

45.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

46.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

47.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

48.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

49.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

50.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

51.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

52.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

53.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same

54.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

55.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

56.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

57.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

58.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

59.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

60.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

61.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

62.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

63.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

64.     The averments of this paragraph are Denied.  The Purchase Agreement speaks for itself.

65.     The averments of this paragraph are Denied.  The Purchase Agreement speaks for itself.

66.     The averments of this paragraph are Denied.  The Purchase Agreement speaks for itself.

67.     The averments of this paragraph are Denied, because the relevant terms are not fully set forth in the averment.

68.     Admitted.

69.     The averments of this paragraph are Denied.

70.     The averments of this paragraph are Denied.

71.     Admitted that Weston believed that he knew part or all of the formula used by Weston and the Sellers and Mohanty, as Mohanty well-knew, and that Weston so advised Mohanty.  Otherwise, the averments of this paragraph are Denied.

72.     Denied as phrased.  Admitted that Weston believed that he knew part or all of the formula used by Weston and the Sellers and Mohanty, as Mohanty well-knew, and that Weston so advised Mohanty.  Weston conveyed what he knew of the formula to Mohanty, but does not know whether his recitation was correct or complete.

73.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same

74.     The averments of this paragraph are Denied.  Mohanty knew that Weston had been working with formulas related to the so-called Hydrogen Technology, because Weston made the formulations at the request of, and for, Mohanty.

75.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same, except it is admitted that Weston claimed entitlement to a share of the ownership of the developments to which he had contributed both money and his work.

76.     Admitted that Weston had claimed that Manos and Picot actually promised him one-third ownership of, and one-third of the revenues from, the hydrogen fuel cell business and that he invested and incurred significant expenses, and was entitled to $800,000, but otherwise, the averments of this paragraph 76 are Denied.

77.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

78.     Admitted that Weston and HMR entered into a Mutual Cooperation Agreement, and the Agreement speaks for itself.  The averments of this paragraph are otherwise Denied.

79.     The averments of this paragraph are Denied, except it is admitted that HMR contacted Sellers after HMR's communications with Weston.

80.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

81.     Admitted.

82.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same, and further states that the California Complaint speaks for itself.

83.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

84.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

85.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

86.     The averments of this paragraph are Denied.

87.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same, and further states that the pleadings in the California Action speak for themselves.

88.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

89.     The averments of this paragraph are Denied.  The pleadings in the California Action speak for themselves.

90.     Admitted.

91.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

92.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

93.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

94.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

95.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

96.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

97.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

98.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

99.     Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

100.    Weston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

101.    The averments of this paragraph are Denied.

102.    The averments of this paragraph are Denied.

103.    The averments of this paragraph are Denied, except it is admitted that Coats provided certain limited recordings to Weston pursuant to a formal request of Weston's counsel in pursuit of an action being prepared by Weston's counsel on behalf of Weston and against HMR and its directors/officers, and that the recordings were the property of Coats.

104.    The averments of this paragraph are Denied, except it is admitted that Coats provided certain limited recordings to Weston pursuant to a formal request of Weston's counsel in pursuit of an action being prepared by Weston's counsel on behalf of Weston and against HMR and its directors/officers, and that the recordings were the property of Coats.

105.    The averments of this paragraph are Denied.

106.    The averments of this paragraph are Denied.

107.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

108.    The averments of this paragraph are Denied.

109.    Admitted.

110.    The averments of this paragraph are Denied, except it is admitted that the parties agreed to have the conversation in a car, because their conversation could be overheard if had inside the Starbucks.

111.    The averments of this paragraph are Denied.

112.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

113.    The averments of this paragraph are Denied, except it is admitted that Weston attempted to resolve the issues relating to the Purchase Agreement, before Weston's counsel pursued the lawsuit against HMR and Mohanty.

114.    The averments of this paragraph are Denied, except it is admitted that Weston attempted to resolve the issues relating to the Purchase Agreement, before Weston's counsel pursued the lawsuit against HMR and Mohanty, and played tapes that indicated that Mohanty had been risking Weston's investment arising from his rights under the Purchase Agreement by falsifying evidence presented to police, university authorities and insurance companies.

115.    The averments of this paragraph are Denied, except it is admitted that Weston attempted to resolve the issues relating to the Purchase Agreement, before Weston's counsel pursued the lawsuit against HMR and Mohanty, and played tapes that indicated that Mohanty had been risking Weston's investment arising from his rights under the Purchase Agreement by falsifying evidence presented to police, university authorities and insurance companies.

116.    The averments of this paragraph are Denied, except it is admitted that Weston attempted to resolve the issues relating to the Purchase Agreement, before Weston's counsel pursued the lawsuit against HMR and Mohanty, and played tapes that indicated that Mohanty had been risking Weston's investment arising from his rights under the Purchase Agreement by falsifying evidence presented to police, university authorities and insurance companies.

117.    The averments of this paragraph are Denied, except it is admitted that Weston attempted to resolve the issues relating to the Purchase Agreement, before Weston's counsel

pursued the lawsuit against HMR and Mohanty, and played tapes that indicated that Mohanty

had been risking Weston's investment arising from his rights under the Purchase Agreement by

falsifying evidence presented to police, university authorities and insurance companies.

118.    The averments of this paragraph are Denied.

119.    The averments of this paragraph are Denied.

120.    The averments of this paragraph are Denied, except it is admitted that the parties

agreed to have the conversation in a car, because their conversation could be overheard if had

inside the Starbucks.

121.    The averments of this paragraph are Denied, except it is admitted that Weston

attempted to resolve the issues relating to the Purchase Agreement, before Weston's counsel

pursued the lawsuit against HMR and Mohanty.

122.    The averments of this paragraph are Denied, except it is admitted that Weston

attempted to resolve the issues relating to the Purchase Agreement, before Weston's counsel

pursued the lawsuit against HMR and Mohanty.

123.    The averments of this paragraph are Denied.

124.    The averments of this paragraph are Denied, except it is admitted that Weston

advised le Souef that Coats had provided certain limited recordings to Weston pursuant to a

formal request of Weston's counsel in pursuit of an action being prepared by Weston's counsel

on behalf of Weston and against HMR and its directors/officers.

125.    The averments of this paragraph are Denied, except it is admitted that Weston

attempted to resolve the issues relating to the Purchase Agreement, before Weston's counsel

pursued the lawsuit against HMR and le Souef.

126.     The averments of this paragraph are Denied, except it is admitted that Weston attempted to resolve the issues relating to the Purchase Agreement, before Weston's counsel pursued the lawsuit against HMR and le Souef.

127.     The averments of this paragraph are Denied, except it is admitted that Weston attempted to resolve the issues relating to the Purchase Agreement, before Weston's counsel pursued the lawsuit against HMR and le Souef.

128.     The averments of this paragraph are Denied.

129.     The averments of this paragraph are Denied, except it is admitted that Weston attempted to resolve the issues relating to the Purchase Agreement, before Weston's counsel pursued the lawsuit against HMR and le Souef.

130.     The averments of this paragraph are Denied, except it is admitted that Weston attempted to resolve the issues relating to the Purchase Agreement, before Weston's counsel pursued the lawsuit against HMR and le Souef.

131.     The averments of this paragraph are Denied, except it is Admitted that Weston caused the so-called Michigan Action to be filed against Le Souef, Dr. Mohanty, HMR and other third parties in the Circuit Court for Oakland County, Michigan, on or about March 29, 2016.

132.     The averments of this paragraph are Denied, and further the pleadings of the Michigan Action speak for themselves.

133.     Admitted.

134.     The averments of this paragraph are Denied.  The Affidavit of David Manos speaks for itself.

135.     The averments of this paragraph are Denied.

136.     The averments of this paragraph are Denied.

137.     The averments of this paragraph are Denied.

138.    The averments of this paragraph are Denied.

139.    The averments of this paragraph are Denied.

140.    Admitted.

COUNT I
*Breach of Purchase Agreement*
*(HMR against Manos, Significan, Significan AUS, and Weston)*

141.    Weston incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

142.    Admitted.

143.    The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

144.    The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

145.    The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

146.    The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

- 15 -

147.    The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

148.    The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

149.    The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

150.    The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

151.    The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

152.    The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

COUNT II
*Promissory Estoppel*
*(All Plaintiffs against Manos, Significan and Significan AUS)*

153.     Weston incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

154.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

155.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

156.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

157.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

158.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

159.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

160.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

161.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

COUNT III
*Breach of Implied Duty of Good Faith and Fair Dealing*
*(HMR against Manos, Significan, Significan AUS and Weston)*

162.     Weston incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

163.     Admitted.

164.     The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

165.     The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the

now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

166.    The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

167.    The averments of this paragraph are Denied as to Weston individually, and, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

COUNT IV
*Unjust Enrichment and Constructive Trust*
*(All Plaintiffs against Manos, Significan and Significan AUS)*

168.    Weston incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

169.    Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim against any Weston either as individuals or on behalf of the alleged Partnership.

170.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

171.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

172.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

173.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

## COUNT V
### *Rescission and Restitution*
### *(HMR against Manos, Significan and Significan AUS)*

174.     Weston incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

175.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

176.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

## COUNT VI
### *Fraudulent Inducement*
### *(All Plaintiffs against Manos, Significan and Significan AUS)*

177.     Weston incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

178.    Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim against any Weston either as individuals or on behalf of the alleged Partnership.

179.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

180.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

181.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

182.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

183.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

184.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-

nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

185.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

186.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

187.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

188.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

189.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

## COUNT VII
*Negligent Misrepresentation*
*(All Plaintiffs against Manos, Significan and Significan AUS)*

190.    Weston incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

191.    Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim against any Weston either as individuals or on behalf of the alleged Partnership.

192.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

193.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

194.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

## COUNT VIII
*Intentional and Negligent Non-Disclosure*
*(All Plaintiffs against Manos, Significan and Significan AUS)*

195.    Weston incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

196.     Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim against Weston Sellers either as individuals or on behalf of the alleged Partnership.

197.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

198.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

199.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

200.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

201.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

202.     The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-

nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

## COUNT IX
*Violations of Delaware's Deceptive Trade Practices Act,*
*6 Del. Code § 2531, et seq.*
*(HMR against Manos, Significan and Significan AUS)*

203.    Weston incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

204.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

205.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

206.    The averments of this paragraph are Denied by Weston, as the assignee and successor to the Sellers' interests under the Purchase Agreement, on behalf of the now-nonexistent Significan Trusts.  As to Manos, the Court has granted summary judgment as to this Count.

## COUNT X
*Breach of Mutual Cooperation Agreement*
*(HMR against Weston)*

207.    The Court has dismissed this Count without prejudice.

COUNT XI
*Promissory Estoppel*
*(HMR against Weston)*

212.    The Court has dismissed this Count without prejudice.

COUNT XII
*Breach of Implied Duty of Good Faith and Fair Dealing*
*(HMR against Weston)*

218.    The Court has dismissed this Count without prejudice.

COUNT XIII
*Breach of Fiduciary Duty*
*(Dr. Mohanty and Mr. Le Souef against Coats)*

222.    This Count is not asserted against Weston.

223.    This Count is not asserted against Weston.

224.    This Count is not asserted against Weston.

225.    This Count is not asserted against Weston.

226.    This Count is not asserted against Weston.

227.    This Count is not asserted against Weston.

228.    This Count is not asserted against Weston.

229.    This Count is not asserted against Weston.

230.    This Count is not asserted against Weston.

231.    This Count is not asserted against Weston.

COUNT XIV
*Breach of Contract*
*(Dr. Mohanty and Mr. Le Souef against Coats)*

232.    This Count is not asserted against Weston.

233.    This Count is not asserted against Weston.

234.    This Count is not asserted against Weston.

235.    This Count is not asserted against Weston.

236.    This Count is not asserted against Weston.

237.    This Count is not asserted against Weston.

238.    This Count is not asserted against Weston.

COUNT XV
*Fraudulent Inducement*
*(Dr. Mohanty and Mr. Le Souef against Coats)*

239.    This Count is not asserted against Weston.

240.    This Count is not asserted against Weston.

241.    This Count is not asserted against Weston.

242.    This Count is not asserted against Weston.

243.    This Count is not asserted against Weston.

244.    This Count is not asserted against Weston.

245.    This Count is not asserted against Weston.

246.    This Count is not asserted against Weston.

247.    This Count is not asserted against Weston.

248.    This Count is not asserted against Weston.

249.    This Count is not asserted against Weston.

250.    This Count is not asserted against Weston.

COUNT XVI
*Negligent Misrepresentation*
*(Dr. Mohanty and Mr. Le Souef against Coats)*

251.    This Count is not asserted against Weston.

252.    This Count is not asserted against Weston.

253.    This Count is not asserted against Weston.

254.    This Count is not asserted against Weston.

255.    This Count is not asserted against Weston.

## COUNT XVII
### *Intentional and Negligent Non-Disclosure*
### *(Mr. Le Souef and Dr. Mohanty against Coats)*

256.    This Count is not asserted against Weston.

257.    This Count is not asserted against Weston.

258.    This Count is not asserted against Weston.

259.    This Count is not asserted against Weston.

260.    This Count is not asserted against Weston.

261.    This Count is not asserted against Weston.

262.    This Count is not asserted against Weston.

## COUNT XVIII
### *Promissory Estoppel*
### *(Dr. Mohanty and Mr. Le Souef against Coats)*

263.    This Count is not asserted against Weston.

264.    This Count is not asserted against Weston.

265.    This Count is not asserted against Weston.

266.    This Count is not asserted against Weston.

267.    This Count is not asserted against Weston.

268.    This Count is not asserted against Weston.

269.    This Count is not asserted against Weston.

270.    This Count is not asserted against Weston.

## COUNT XIX
### *Conversion*
### *(Dr. Mohanty and Mr. Le Souef against Coats)*

271.    This Count is not asserted against Weston.

272.    This Count is not asserted against Weston.

273.    This Count is not asserted against Weston.

274.    This Count is not asserted against Weston.

275.    This Count is not asserted against Weston.

COUNT XX
*Replevin Under M.C.L.A. 600.2920*
*(Dr. Mohanty and Mr. Le Souef against Coats, Weston and Engineering Interests)*

276.    The Court dismissed this Count against Weston.

277.    The Court dismissed this Count against Weston.

278.    The Court dismissed this Count against Weston.

279.    The Court dismissed this Count against Weston.

280.    The Court dismissed this Count against Weston.

281.    The Court dismissed this Count against Weston.

COUNT XXI
*Unjust Enrichment and Constructive Trust*
*(Dr. Mohanty and Mr. Le Souef against Coats and IBKE (Wyo.))*

282.    This Count is not asserted against Weston.

COUNT XXII
*Declaratory Judgment -Alter Ego*
*(All Plaintiffs against Coats and IBKE (Wyo.))*

288.    This Count is not asserted against Weston.

289.    This Count is not asserted against Weston.

290.    This Count is not asserted against Weston.

COUNT XXIII
*Trade Secret Misappropriation Under the Defend Trade Secrets Act of 2016*
*Public Law No. 114-153, 130 Stat. 376*
*(Dr. Mohanty and Mr. Le Souef against Weston and Engineering Interests)*

291.    The Court dismissed this Count against Weston.

## COUNT XXIV
*Trade Secret Misappropriation Under the Defend Trade Secrets Act of 2016*
*Public Law No. 114-153, 130 Stat. 376*
*(HMR against Weston and Engineering Interests)*

303.    The Court dismissed this Count against Weston.

## COUNT XXV
*Trade Secret Misappropriation Under Ohio, Michigan and Delaware Law*
*(All Plaintiffs against All Weston)*

312.    Weston incorporates by reference all allegations in all preceding and subsequent

paragraphs of this Complaint as if fully rewritten herein.

313.    Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim

against any Weston either as individuals or on behalf of the alleged Partnership.

314.    The averments of this paragraph are Denied.

315.    The averments of this paragraph are Denied.

316.    The averments of this paragraph are Denied.

317.    The averments of this paragraph are Denied.

318.    The averments of this paragraph are Denied.

319.    The averments of this paragraph are Denied.

320.    The averments of this paragraph are Denied.

## COUNT XXVI
*Extortion Under Michigan Law*
*(Dr. Mohanty and Mr. Le Souef against Weston)*

321.    The Court dismissed this Count against Weston.

## COUNT XXVII
*Invasion of Privacy*
*(Dr. Mohanty and Mr. Le Souef against Coats and Weston)*

325.    Weston incorporates by reference all allegations in all preceding and subsequent

paragraphs of this Complaint as if fully rewritten herein.

326.    The averments of this paragraph are Denied.

327.    The averments of this paragraph are Denied.

328.    The averments of this paragraph are Denied.

329.    The averments of this paragraph are Denied.

330.    The averments of this paragraph are Denied.

## COUNT XXVIII
*Intentional Infliction of Emotional Distress*
*(Dr. Mohanty and Mr. Le Souef against Coats and Weston)*

331.    Weston incorporates by reference all allegations in all preceding and subsequent

paragraphs of this Complaint as if fully rewritten herein.

332.    The averments of this paragraph are Denied.

333.    The averments of this paragraph are Denied.

334.    The averments of this paragraph are Denied.

## COUNT XXIX
*Abuse of Process Under Michigan Law*
*(All Plaintiffs against Weston and Engineering Interests)*

335.    The Court dismissed this Count against Weston.

336.    The Court dismissed this Count against Weston.

337.    The Court dismissed this Count against Weston.

338.    The Court dismissed this Count against Weston.

## COUNT XXX
*Civil Conspiracy*
*(All Plaintiffs against Coats, Weston, Manos and Engineering Interests)*

339.    Weston incorporates by reference all allegations in all preceding and subsequent

paragraphs of this Complaint as if fully rewritten herein.

340.    Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim

against any Weston either as individuals or on behalf of the alleged Partnership.

341.  The averments of this paragraph are Denied.

342.  The averments of this paragraph are Denied.

343.  The averments of this paragraph are Denied.

344.  The averments of this paragraph are Denied.

345.  The averments of this paragraph are Denied.

346.  The averments of this paragraph are Denied.

## COUNT XXXI
*Aiding and Abetting*
*(All Plaintiffs against all Westons)*

347.  Weston incorporates by reference all allegations in all preceding and subsequent

paragraphs of this Complaint as if fully rewritten herein.

348.  Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim

against any Weston either as individuals or on behalf of the alleged Partnership.

349.  The averments of this paragraph are Denied.

350.  The averments of this paragraph are Denied.

351.  The averments of this paragraph are Denied.

352.  The averments of this paragraph are Denied.

## COUNT XXXII
*Declaratory Relief- Duty to Indemnify*
*(HMR against Manos, Significan, Significan AUS, and Weston)*

353.  Weston incorporates by reference all allegations in all preceding and subsequent

paragraphs of this Complaint as if fully rewritten herein.

354.  Admitted.

355.  The averments of this paragraph are Denied.

356.  The averments of this paragraph are Denied.

357.  The averments of this paragraph are Denied.

## AFFIRMATIVE DEFENSES

358.    Plaintiffs' claims are barred by Release, and accord and satisfaction.

359.    Plaintiffs' claims are barred by statute of limitations and/or laches.

360.    Plaintiffs' claims are barred by waiver.

361.    Dr. Mohanty and Mr. Le Souef have no right to assert any claim against Weston either as individuals or on behalf of the alleged Partnership, for reasons stated in the briefs filed by Westons in support of Westons' motions to dismiss and for summary judgment.

362.    Weston further expressly reserves the right to assert any other legal or equitable defenses to which it is entitled, and adopts and incorporates by reference, as if set forth herein, any affirmative defense asserted by any other Weston in this action to the extent that such affirmative defense would be applicable to this Weston.

## COUNTERCLAIMS

Weston/Counterclaim-Plaintiff Dean Weston ("Weston") as and for his Counterclaims against Plaintiffs Hydrogen Master Rights, Ltd., Carl le Souef and Pravansu Mohanty respectfully shows and alleges, based upon Weston's personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others, as follows:

### The Parties

363.    Counterclaimant Dean Weston ("Weston") is an individual residing in the State of Michigan.

364.    Based on Plaintiff's assertion in its Amended Complaint, Weston alleges on information and belief that HMR is a Delaware corporation, having a principal place of business in Michigan.

365.    Based on Plaintiff's assertion in its Amended Complaint, Weston alleges on information and belief that Plaintiff Carl le Souef ("le Souef ") resides in, and is a citizen of, Australia.

366.    Based on Plaintiff's assertion in its Amended Complaint, Weston alleges on information and belief that Plaintiff Pravansu Mohanty ("Mohanty") resides in Michigan.

## Jurisdiction And Venue

367.    This Court has subject matter jurisdiction, because this a counterclaim in an action where the Court had subject matter jurisdiction, and, thus, this Court has supplemental or pendant jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367 because such claims are so related to Plaintiffs' claims that they form part of the same case or controversy under Article III of the United States Constitution, and these are counterclaims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 *et seq.*

368.    Venue is proper, because HMR, le Souef and Mohanty had filed the original action in this Court, and the Agreement forming at least part of the basis for these counterclaims requires that "The state and federal court located in the State of Delaware, shall have sole and exclusive jurisdiction over any action arising out of or relating to this AGREEMENT."

## Factual Allegations

369.    HMR [the "Buyer"], and Paul David Manos ("Manos"), Bernard Picot ("Picot"), Significan Global Energy Intellectual Property Trust, Julia Blair, Trustee, and Significan Australia Energy Intellectual Property Trust, Julia Blair, Trustee (collectively, Significan Global Energy Intellectual Property Trust and Significan Australia Energy Intellectual Property Trust are referred to as the "Significan Trusts" and all the parties other than HMR deemed "the Sellers") entered into an Agreement For Sale Of Certain Assets, including associated Schedules and Exhibits, having an Effective Date of December 12, 2011 ("Purchase Agreement").

- 34 -

370.    On or about September 15, 2015, the Sellers assigned their entire right, title and interest in the Purchase Agreement to Weston by way of a conveyance entitled "Assignment of Contract With Hydrogen Master Rights Limited to Dean Weston and Mutual Release," including the right to sue HMR for breach of the Purchase Agreement and to obtain all benefits of any such suit ("Seller Assignment").

371.    Section 8.3.2. of the Purchase Agreement provided for a "Validation Payment" in the amount of $1,500,000, to be paid by HMR to Weston (as assignee of the Sellers) upon the occurrence of a certain event.

372.    Upon information and belief, that prescribed event occurred, but HMR failed to make payment of the Validation Payment.

373.    Upon information and belief, HMR caused certain of the technologies assigned under the Purchase Agreement to be transferred to other entities which were commonly owned with HMR, the effect of which was to avoid the Payments prescribed by the Purchase Agreement.

374.    On June 22, 2016, HMR, le Souef and Mohanty filed the present action against Weston, and on September 19, 2016, filed an Amended Complaint against Weston, in which one or more of the Plaintiffs asserted Counts I, III, X, XI, XII, XX, XXIII through XXXII against Weston.

375.    On January 9, 2017, this Court entered an Order, by which the Court denied Weston's motion to dismiss certain Counts, but granted Weston's motion to dismiss Counts 3 and 12 (to the extent it is based on the confidentiality provision and assignment) with prejudice; and Counts 10-11, 20, 23-24, 26, and 29 without prejudice, and with leave to refile.

376.    As a result of HMR's actions and statements, including filing the Complaint and Amended Complaint, an actual and justiciable controversy has arisen between the parties

regarding the claims asserted by HMR, le Souef and Mohanty against Weston, and with respect to the parties' rights and obligations under the Purchase Agreement.

377.    A judicial declaration is necessary and appropriate at this time to allow Weston to ascertain his rights and duties with respect to the Purchase Agreement and HMR's other allegations against Weston and any Weston privity.

## FIRST COUNTERCLAIM – DECLARATION OF NON-LIABILITY

378.    Weston realleges and incorporates by reference the allegations set forth above in paragraphs 363-377 of his Counterclaims.

379.    HMR, le Souef and Mohanty filed the present action against Weston.  Weston denies that he had infringed or is infringing upon any valid or enforceable rights of the Plaintiffs, or is liable to any of them.

380.    An actual and justiciable controversy exists between the parties regarding the alleged infringement of Plaintiffs' rights by Weston.

381.    Weston seeks and are entitled to a judicial declaration and determination against HMR, le Souef and Mohanty that he has not has infringed upon any right of Plaintiffs, and that neither of HMR, le Souef or Mohanty has any valid and enforceable claim against him.

## SECOND COUNTERCLAIM – BREACH OF CONTRACT AGAINST HMR

382.    Weston realleges and incorporates by reference the allegations set forth above in paragraphs 363-377 of his Counterclaims.

383.    The Purchase Agreement provides for a certain Validation Payment by HMR to Sellers, and thus, to Weston as assignee.

384.    The Purchase Agreement further provides for certain Post-Production Payments by HMR to Sellers, and thus, to Weston as assignee.

385.     The Validation Payment and Post-Production Payments were valuable consideration in return for Sellers assigning their rights in the technologies assigned under the Purchase Agreement.

386.     HMR has not made the Validation Payment, even though the condition precedent requiring such payment had occurred.

387.     Weston is entitled to the $1,500,000 Validation Payment plus interest.

388.     HMR has not made any Post-Production Payment.

389.     HMR was under a duty to exercise reasonable efforts in good-faith to exploit the technologies assigned under the Purchase Agreement, because every agreement or license in which the consideration for a grant of property lies wholly or substantially in the payment of sums of money based upon the earnings of property transferred, the assignee must exercise reasonable efforts and due diligence in the exploitation and sale of the technology that had been assigned notwithstanding the absence of any explicit language to that effect in the contract. Having been placed solely within the control of the assignee, a covenant on HMR's part will be implied to work the technology in good faith to make it produce income to Weston, as the assignors' assignee.

390.     HMR has breached the Purchase Agreement by either failing to make the Validation Payment and Post-Production Payments when due, or has breached the Agreement by having committed one or more of the following acts or omissions:  (i) failing to pay the Validation Payment and Post-Production Payments when due, (ii)  transferring the assigned technologies to sister companies which were owned in whole or in part by one or more of the equity holders or directors or officers of HMR; and/or (iii) by failing to reasonably exploit the assigned technologies in breach of its implied covenant of reasonable exploitation.

391.     Weston has been harmed by HMR's breach of the Purchase Agreement

**THIRD COUNTERCLAIM – INDEMNIFICATION AGAINST HMR**

392.    Weston realleges and incorporates by reference the allegations set forth above in paragraphs 363-377 of his Counterclaims.

393.    The Purchase Agreement provides in Section 19 that HMR, as the Buyer, shall indemnify Weston, as the assignee successor of the Sellers, for attorney fees and other litigation expenses resulting from actions by third-parties:

> BUYER shall indemnify and save and hold SELLER and its … successors … and assigns harmless from and against any and all damages, losses, liabilities, actions, causes of action, injuries, damages, liens, claims, judgments, demands, accounts, reckonings, obligations, costs and expenses [including, without limitation, reasonable attorney's fees and court costs] of every kind and nature whatsoever arising from or related to the claims of any third party …, arising out of or related to the execution, performance, or breach of this AGREEMENT by BUYER.

394.    The present action by le Souef and Mohanty are actions by third parties that are "arising out of or related to the execution, performance, or breach of this AGREEMENT by BUYER."

395.    HMR is obligated to indemnify Weston for, *inter alia*, all damages, costs and expenses [including, without limitation, reasonable attorney's fees and court costs] of every kind and nature whatsoever arising from the actions of le Souef and Mohanty.

**PRAYER FOR RELIEF**

WHEREFORE, Weston asks this Court to enter judgment in Weston's favor and against Plaintiffs, and, particularly, that the Court:

A.    Enter judgment that Weston is not liable to Plaintiffs under any cause of action and deny all Plaintiffs' requests for damages, equitable relief, attorneys' fees and costs;

B.    Enter judgment that HMR has breached the Purchase Agreement;

C.    Grant damages and indemnification to Weston;

D.      Permanently enjoin Plaintiffs and all persons acting on its behalf or in concert with them from charging, orally or in writing, that Weston has breached any obligations to Plaintiffs; and

E.      Award to Weston his reasonable attorneys' fees, litigation expenses and costs, and such other and further relief as the Court finds just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Weston hereby demands a trial by jury on all issues so triable in this action.

Dated: January 25, 2017            Respectfully submitted,

                                   */s/ George Pazuniak*
                                   George Pazuniak (No. 478)
                                   O'KELLY & ERNST, LLC
                                   901 N. Market Street, Suite 1000
                                   Wilmington, Delaware  19801
                                   (302) 778-4000
                                   (302) 295-2873 (facsimile)
                                   gp@del-iplaw.com

                                   *Attorneys for Dean Weston*