## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HYDROGEN MASTER RIGHTS, LTD., CARL LE SOUEF and PRAVANSU MOHANTY, PH.D., | |
| **Plaintiffs,** | **Case No. 1:16-cv-00474-RGA** |
| v. | |
| DEAN WESTON, ENGINEERING INTERESTS, LLC, PAUL DAVID MANOS, SIGNIFICAN GLOBAL ENERGY INTELLECTUAL PROPERTY TRUST, SIGNIFICAN AUSTRALIA ENERGY INTELLECTUAL PROPERTY TRUST, TRACY COATS, and THE CLIENT IS EVERYTHING, LTD., | |
| **Defendants.** | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
## OF TRACY COATS

Defendant/Counterclaim-Plaintiff Tracy Coats hereby responds to the Amended Complaint filed by Plaintiffs Hydrogen Master Rights, Ltd. ("HMR"), Carl le Souef ("le Souef ") and Pravansu Mohanty ("Mohanty") (D.I. 22), all upon information and belief.

Coats further asserts counterclaims against the Plaintiffs. Plaintiffs have maliciously filed an utterly meritless Complaint and then an Amended Complaint against Coats for ulterior purposes. For example, most of Plaintiffs' allegations are based on the false assertion that Coats committed fraud and breached fiduciary duties against Plaintiffs by failing to disclose that Coats was allegedly making commissions on the side arising from the execution of the December 2011 Purchase Agreement. In fact, as Plaintiffs know, and should have known, Coats did not receive any commissions or other earned revenue arising from the Purchase Agreement, and never

committed fraud or breached any fiduciary duty that may have existed.  Thus, Plaintiff's strident and vile accusations have no merit, and the record will establish that Plaintiffs have proffered the allegations of the Amended Complaint maliciously and in bad faith.

## General Denial

Unless specifically admitted below, Defendant denies each and every allegation in the Amended Complaint. To the extent the headings of the Amended Complaint are construed as allegations, they are each denied.

## The Parties

1.      Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same, except it is admitted that HMR is a Delaware corporation.

2.      Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint.

3.      Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint.

4.      Admitted.

5.      Admitted.

6.      Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint.

7.      The averments of this paragraph are Denied.  To Coats' best knowledge and information, Significan Global Energy Intellectual Property Trust no longer exists.  Any purported service on the entity is null and void, because the entity no longer existed at the time of the purported service.

8.      The averments of this paragraph are Denied.  To Coats' best knowledge and information, Significan Australia Energy Intellectual Property Trust no longer exists.  Any purported service on the entity is null and void, because the entity no longer existed at the time of the purported service.

9.      Admitted.

10.     The averments of this paragraph are Denied.  This entity was administratively dissolved on December 9, 2015 and did not exist at the time that Complaint was filed, and has not existed since that time.

### Jurisdiction And Venue

11.     Admitted that this Court has subject matter jurisdiction.

12.     The averments of this paragraph are Denied.  To Coats' best knowledge and information, Significan Global Energy Intellectual Property Trust and Significan Australia Energy Intellectual Property Trust ceased no longer exists.  Any purported service on the entities was null and void, because the entities no longer existed at the time of the purported service.  Coats lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph of the Amended Complaint.

13.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint.

14.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint.

15.     Admitted that the Court has personal jurisdiction over Coats and that venue is proper.  Otherwise, Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

16.     The averments of this paragraph are Denied.

17.     Admitted that venue is proper, but otherwise Denied.

**Statement of Facts**

18.     The averments of this paragraph are Denied, except it is Admitted that this case relates to technologies and other rights that HMR purchased in December 2011.  Those purchased technologies and other rights may be given the name "Hydrogen Technology," without ascribing to the term any limitation on the purchased technologies and rights as described in the Purchase Agreement.

19.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

20.     Admitted.

21.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

22.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

23.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

24.     The averments of this paragraph are Denied, except admitted that on or about September 10, 2010, Manos, Picot and DBHS entered into an Exclusive Option Agreement with IBKE (Wyo.), pursuant to which IBKE (Wyo.) received an exclusive option to license the Hydrogen Technology in Australia and New Zealand (the "Exclusive Option Agreement").

25.     The averments of this paragraph are Denied.

26.     The averments of this paragraph are Denied, except admitted that on or about September 14, 2010, Manos, Picot and DBHS entered into an Exclusive Representation

Agreement with IBKE (Wyo.), (the "Exclusive Representation Agreement"), under which IBKE (Wyo.) was appointed as the exclusive agent for representing the Hydrogen Technology.

27.     The averments of this paragraph are Denied, except admitted that Coats had been and continued to seek investors for the technology being developed by Manos, Picot and their associates.

28.     The averments of this paragraph are Denied.

29.     The averments of this paragraph are Denied.

30.     The averments of this paragraph are Denied.

31.     The averments of this paragraph are Denied.

32.     The averments of this paragraph are Denied.

33.     The averments of this paragraph are Denied.

34.     The averments of this paragraph are Denied.

35.     The averments of this paragraph are Denied.

36.     The averments of this paragraph are Denied, except it is admitted that Coats caused International Business Knowledge Exchange, Ltd. ("IBKE (Del.)") to be incorporated in Delaware, that Coats personally signed IBKE (Del.)'s Certificate of Incorporation as its sole incorporator and that he executed a Written Consent of Sole Incorporator electing himself as the company's initial director.

37.     Admitted.

38.     The averments of this paragraph are Denied.

39.     The averments of this paragraph are Denied.

40.     The averments of this paragraph are Denied.

41.     The averments of this paragraph are Denied.

42.     The averments of this paragraph are Denied.

43.     The averments of this paragraph are Denied.

44.     The averments of this paragraph are Denied.

45.     The averments of this paragraph are Denied.

46.     The averments of this paragraph are Denied.

47.     The averments of this paragraph are Denied.

48.     The averments of this paragraph are Denied.

49.     The averments of this paragraph are Denied.

50.     Admitted that in consideration of his interest in HMR, Mohanty contributed shares of CSquared to the other equity owners of HMR, which Mohanty later demanded be returned, and which were returned..

51.     The averments of this paragraph are Denied, except it is Admitted that Coats recommended that, in the future when legal entities were formed, those formed in the United States should be domiciled in Delaware, and advised that it may be necessary for tax and other purposes to form legal entities outside the United States.

52.     The averments of this paragraph are Denied.

53.     The averments of this paragraph are Denied.

54.     The averments of this paragraph are Denied.

55.     The averments of this paragraph are Denied.

56.     The averments of this paragraph are Denied, except it is admitted that, with the knowledge and acquiescence of the other persons on the calls, Coats recorded certain business meetings using his own equipment.

57.     The averments of this paragraph are Denied.

58.     The averments of this paragraph are Denied.

59.     The averments of this paragraph are Denied.

60.     The averments of this paragraph are Denied.

61.     The averments of this paragraph are Denied., except it is admitted that HMR purchased all rights, titles and interests in certain technology from Manos, Picot, Significan and Significan AUS (collectively, the "Sellers") pursuant to the December 12, 2011 Agreement for Sale of Certain Assets (the "Purchase Agreement").

62.     The averments of this paragraph are Denied, except it is admitted that the Purchase Agreement contains a confidentiality provision.

63.     The averments of this paragraph are Denied, except it is admitted that HMR made certain payments to the Sellers.

64.     The averments of this paragraph are Denied.

65.     The averments of this paragraph are Denied, except it is admitted that the Purchase Agreement includes certain representations by the Sellers.

66.     The Agreement speaks for itself.

67.     The Agreement speaks for itself, but admitted that the Agreement includes certain indemnification provisions in favor of both eh Sellers and the Buyer.

68.     The averments of this paragraph are Denied, except it is admitted that the Agreement provided that the state and federal courts located in the State of Delaware would have sole and exclusive jurisdiction over any action arising out of or relating to the Purchase Agreement.

69.     The averments of this paragraph are Denied as phrased.  It is admitted that the Purchase Agreement contained certain representations.

70.     The averments of this paragraph are Denied.

71.     Admitted that Weston contacted Mohanty with the assertion that Weston knew some secret formula, but denied that Weston in fact knew all the material elements of any formula.

72.     Admitted that Weston conveyed certain information to Mohanty, but Denied that Weston in fact knew all the material elements of any formula.

73.     The averments of this paragraph are Denied.

74.     The averments of this paragraph are Denied.

75.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

76.     Admitted that Weston had claimed that Manos and Picot actually promised him one-third ownership of, and one-third of the revenues from, the hydrogen fuel cell business and that he invested and incurred significant expenses, and was entitled to $800,000 relating to that business, but otherwise, the averments of this paragraph 76 are Denied.

77.     The averments of this paragraph are Denied, except it is Admitted that Coats had taped at least one conversation with Weston.

78.     Admitted.

79.     Admitted.

80.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

81.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

82.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

83.     The averments of this paragraph are Denied.

84.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

85.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

86.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

87.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

88.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

89.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

90.     Admitted.

91.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

92.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

93.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

94.     The averments of this paragraph are Denied, except it is admitted that Disruptive Prosperity entered into an agreement for the sale of HMR stock to a company owned by le Souef.

95.     The averments of this paragraph are Denied, except it is admitted that, effective as of June 27, 2014, Coats and Disruptive Prosperity entered into a Mutual General Release and Indemnity (the "Mutual General Release"), the terms of which speak for themselves.

96.     Admitted.

97.     The averments of this paragraph are Denied.

98.     The averments of this paragraph are Denied.  The Agreement speaks for itself.

99.     The averments of this paragraph are Denied.

100.    The averments of this paragraph are Denied.

101.    The averments of this paragraph are Denied.

102.     The averments of this paragraph are Denied.

103.    The averments of this paragraph are Denied, except it is admitted that Coats provided certain limited recordings to Weston pursuant to a formal request of Weston's counsel in pursuit of an action being prepared by Weston's counsel on behalf of Weston and against HMR and its directors/officers, and that the recordings were the property of Coats.

104.    The averments of this paragraph are Denied, except it is admitted that Coats provided certain limited recordings to Weston pursuant to a formal request of Weston's counsel in pursuit of an action being prepared by Weston's counsel on behalf of Weston and against HMR and its directors/officers, and that the recordings were the property of Coats.

105.    The averments of this paragraph are Denied.

106.    The averments of this paragraph are Denied.

107.    The averments of this paragraph are Denied, except it is admitted that Coats had no reason to seek, and did not seek, any consent from any person.

108.    The averments of this paragraph are Denied.

109.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

110.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

111.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

112.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

113.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

114.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

115.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

116.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

117.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

118.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

119.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

120.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

121.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

122.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

123.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

124.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

125.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

126.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

127.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

128.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.]

129.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

130.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

131.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

132.    The averments of this paragraph are Denied.

133.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

134.    Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

135.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

136.     The averments of this paragraph are Denied.

137.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

138.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

139.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

140.     Coats lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph of the Amended Complaint, and therefore denies the same.

## COUNT I
### *Breach of Purchase Agreement*
### *(HMR against Manos, Significan, Significan AUS, and Weston)*

141.     This Count is not asserted against Coats.

142.     This Count is not asserted against Coats.

143.     This Count is not asserted against Coats.

144.     This Count is not asserted against Coats.

145.     This Count is not asserted against Coats.

146.     This Count is not asserted against Coats.

147.     This Count is not asserted against Coats.

148.     This Count is not asserted against Coats.

149.     This Count is not asserted against Coats.

150.     This Count is not asserted against Coats.

151.     This Count is not asserted against Coats.

152.    This Count is not asserted against Coats.

## COUNT II
*Promissory Estoppel*
*(All Plaintiffs against Manos, Significan and Significan AUS)*

153.    This Count is not asserted against Coats.

154.    This Count is not asserted against Coats.

155.    This Count is not asserted against Coats.

156.    This Count is not asserted against Coats.

157.    This Count is not asserted against Coats.

158.    This Count is not asserted against Coats.

159.    This Count is not asserted against Coats.

160.    This Count is not asserted against Coats.

161.    This Count is not asserted against Coats.

## COUNT III
*Breach of Implied Duty of Good Faith and Fair Dealing*
*(HMR against Manos, Significan, Significan AUS and Weston)*

162.    This Count is not asserted against Coats.

163.    This Count is not asserted against Coats.

164.    This Count is not asserted against Coats.

165.    This Count is not asserted against Coats.

166.    This Count is not asserted against Coats.

167.    This Count is not asserted against Coats.

## COUNT IV
*Unjust Enrichment and Constructive Trust*
*(All Plaintiffs against Manos, Significan and Significan AUS)*

168.    This Count is not asserted against Coats.

169.    This Count is not asserted against Coats.

170.    This Count is not asserted against Coats.

171.    This Count is not asserted against Coats.

172.    This Count is not asserted against Coats.

173.    This Count is not asserted against Coats.

## COUNT V
*Rescission and Restitution*
*(HMR against Manos, Significan and Significan AUS)*

174.    This Count is not asserted against Coats.

175.    This Count is not asserted against Coats.

176.    This Count is not asserted against Coats.

## COUNT VI
*Fraudulent Inducement*
*(All Plaintiffs against Manos, Significan and Significan AUS)*

177.    This Count is not asserted against Coats.

178.    This Count is not asserted against Coats.

179.    This Count is not asserted against Coats.

180.    This Count is not asserted against Coats.

181.    This Count is not asserted against Coats.

182.    This Count is not asserted against Coats.

183.    This Count is not asserted against Coats.

184.    This Count is not asserted against Coats.

185.    This Count is not asserted against Coats.

186.    This Count is not asserted against Coats.

187.    This Count is not asserted against Coats.

188.    This Count is not asserted against Coats.

189.    This Count is not asserted against Coats.

COUNT VII
*Negligent Misrepresentation*
*(All Plaintiffs against Manos, Significan and Significan AUS)*

190.    This Count is not asserted against Coats.

191.    This Count is not asserted against Coats.

192.    This Count is not asserted against Coats.

193.    This Count is not asserted against Coats.

194.    This Count is not asserted against Coats.

COUNT VIII
*Intentional and Negligent Non-Disclosure*
*(All Plaintiffs against Manos, Significan and Significan AUS)*

195.    This Count is not asserted against Coats.

196.    This Count is not asserted against Coats.

197.    This Count is not asserted against Coats.

198.    This Count is not asserted against Coats.

199.    This Count is not asserted against Coats.

200.    This Count is not asserted against Coats.

201.    This Count is not asserted against Coats.

202.    This Count is not asserted against Coats.

COUNT IX
*Violations of Delaware's Deceptive Trade Practices Act,*
*6 Del. Code § 2531, et seq.*
*(HMR against Manos, Significan and Significan AUS)*

203.    This Count is not asserted against Coats.

204.    This Count is not asserted against Coats.

205.    This Count is not asserted against Coats.

206.    This Count is not asserted against Coats.

COUNT X
*Breach of Mutual Cooperation Agreement*
*(HMR against Weston)*

207.    The Court has dismissed this Count without prejudice.

COUNT XI
*Promissory Estoppel*
*(HMR against Weston)*

212.    The Court has dismissed this Count without prejudice.

COUNT XII
*Breach of Implied Duty of Good Faith and Fair Dealing*
*(HMR against Weston)*

218.    The Court has dismissed this Count without prejudice.

COUNT XIII
*Breach of Fiduciary Duty*
*(Dr. Mohanty and Mr. Le Souef against Coats)*

222.    Coats incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

223.    Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim against any Coats either as individuals or on behalf of the alleged Partnership.

224.    The averments of this paragraph are Denied.

225.    The averments of this paragraph are Denied.

226.    The averments of this paragraph are Denied.

227.    The averments of this paragraph are Denied.

228.    The averments of this paragraph are Denied.

229.    The averments of this paragraph are Denied.

230.    The averments of this paragraph are Denied.

231.    The averments of this paragraph are Denied.

## COUNT XIV
### *Breach of Contract*
### *(Dr. Mohanty and Mr. Le Souef against Coats)*

232.    Coats incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

233.    Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim against any Coats either as individuals or on behalf of the alleged Partnership.

234.    The averments of this paragraph are Denied.

235.    The averments of this paragraph are Denied.

236.    The averments of this paragraph are Denied.

237.    The averments of this paragraph are Denied.

238.    The averments of this paragraph are Denied.

## COUNT XV
### *Fraudulent Inducement*
### *(Dr. Mohanty and Mr. Le Souef against Coats)*

239.    Coats incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

240.    Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim against any Coats either as individuals or on behalf of the alleged Partnership.

241.    The averments of this paragraph are Denied.

242.    The averments of this paragraph are Denied.

243.    The averments of this paragraph are Denied.

244.    The averments of this paragraph are Denied.

245.    The averments of this paragraph are Denied.

246.    The averments of this paragraph are Denied.

247.    The averments of this paragraph are Denied.

248.    The averments of this paragraph are Denied.

249.    The averments of this paragraph are Denied.

250.    The averments of this paragraph are Denied.

## COUNT XVI
*Negligent Misrepresentation*
*(Dr. Mohanty and Mr. Le Souef against Coats)*

251.    Coats incorporates by reference all allegations in all preceding and subsequent

paragraphs of this Complaint as if fully rewritten herein.

252.    Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim

against any Coats either as individuals or on behalf of the alleged Partnership.

253.    The averments of this paragraph are Denied.

254.    The averments of this paragraph are Denied.

255.    The averments of this paragraph are Denied.

## COUNT XVII
*Intentional and Negligent Non-Disclosure*
*(Mr. Le Souef and Dr. Mohanty against Coats)*

256.    Coats incorporates by reference all allegations in all preceding and subsequent

paragraphs of this Complaint as if fully rewritten herein.

257.    Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim

against any Coats either as individuals or on behalf of the alleged Partnership.

258.    The averments of this paragraph are Denied.

259.    The averments of this paragraph are Denied.

260.    The averments of this paragraph are Denied.

261.    The averments of this paragraph are Denied.

262.    The averments of this paragraph are Denied.

## COUNT XVIII
*Promissory Estoppel*
*(Dr. Mohanty and Mr. Le Souef against Coats)*

263.    Coats incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

264.    Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim against any Coats either as individuals or on behalf of the alleged Partnership.

265.    The averments of this paragraph are Denied.

266.    The averments of this paragraph are Denied.

267.    The averments of this paragraph are Denied.

268.    The averments of this paragraph are Denied.

269.    The averments of this paragraph are Denied.

270.    The averments of this paragraph are Denied.

## COUNT XIX
*Conversion*
*(Dr. Mohanty and Mr. Le Souef against Coats)*

271.    The Court dismissed this Count against Coats.

272.    The Court dismissed this Count against Coats.

273.    The Court dismissed this Count against Coats.

274.    The Court dismissed this Count against Coats.

275.    The Court dismissed this Count against Coats.

## COUNT XX
*Replevin Under M.C.L.A. 600.2920*
*(Dr. Mohanty and Mr. Le Souef against Coats, Weston and Engineering Interests)*

276.    The Court dismissed this Count against Coats.

277.    The Court dismissed this Count against Coats.

278.    The Court dismissed this Count against Coats.

- 20 -

279.    The Court dismissed this Count against Coats.

280.    The Court dismissed this Count against Coats.

281.    The Court dismissed this Count against Coats.

## COUNT XXI
*Unjust Enrichment and Constructive Trust*
*(Dr. Mohanty and Mr. Le Souef against Coats and IBKE (Wyo.))*

282.    The Court dismissed this Count against Coats.

283.    The Court dismissed this Count against Coats.

284.    The Court dismissed this Count against Coats.

285.    The Court dismissed this Count against Coats.

286.    The Court dismissed this Count against Coats.

287.    The Court dismissed this Count against Coats.

## COUNT XXII
*Declaratory Judgment -Alter Ego*
*(All Plaintiffs against Coats and IBKE (Wyo.))*

288.    Coats incorporates by reference all allegations in all preceding and subsequent

paragraphs of this Complaint as if fully rewritten herein.

289.    The averments of this paragraph are Denied.

290.    The averments of this paragraph are Denied.

## COUNT XXIII
*Trade Secret Misappropriation Under the Defend Trade Secrets Act of 2016*
*Public Law No. 114-153, 130 Stat. 376*
*(Dr. Mohanty and Mr. Le Souef against Weston and Engineering Interests)*

291.    The Court dismissed this Count, and this Count is not asserted against Coats.

## COUNT XXIV
*Trade Secret Misappropriation Under the Defend Trade Secrets Act of 2016*
*Public Law No. 114-153, 130 Stat. 376*
*(HMR against Weston and Engineering Interests)*

303.    The Court dismissed this Count, and this Count is not asserted against Coats.

## COUNT XXV
*Trade Secret Misappropriation Under Ohio, Michigan and Delaware Law*
*(All Plaintiffs against All Coatss)*

312.    Coats incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

313.    Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim against any Coats either as individuals or on behalf of the alleged Partnership.

314.    The averments of this paragraph are Denied.

315.    The averments of this paragraph are Denied.

316.    The averments of this paragraph are Denied.

317.    The averments of this paragraph are Denied.

318.    The averments of this paragraph are Denied.

319.    The averments of this paragraph are Denied.

320.    The averments of this paragraph are Denied.

## COUNT XXVI
*Extortion Under Michigan Law*
*(Dr. Mohanty and Mr. Le Souef against Weston)*

321.    The Court dismissed this Count against Coats, and this Count is not asserted against Coats.

## COUNT XXVII
*Invasion of Privacy*
*(Dr. Mohanty and Mr. Le Souef against Coats and Weston)*

325.    Coats incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

326.    The averments of this paragraph are Denied.

327.    The averments of this paragraph are Denied.

328.    The averments of this paragraph are Denied.

- 22 -

329.    The averments of this paragraph are Denied.

330.    The averments of this paragraph are Denied.

## COUNT XXVIII
*Intentional Infliction of Emotional Distress*
*(Dr. Mohanty and Mr. Le Souef against Coats and Weston)*

331.    Coats incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

332.    The averments of this paragraph are Denied.

333.    The averments of this paragraph are Denied.

334.    The averments of this paragraph are Denied.

## COUNT XXIX
*Abuse of Process Under Michigan Law*
*(All Plaintiffs against Weston and Engineering Interests)*

335.    The Court dismissed this Count against Coats, and this Count is not asserted against Coats.

336.    The Court dismissed this Count against Coats, and this Count is not asserted against Coats.

337.    The Court dismissed this Count against Coats, and this Count is not asserted against Coats.

338.    The Court dismissed this Count against Coats, and this Count is not asserted against Coats.

## COUNT XXX
*Civil Conspiracy*
*(All Plaintiffs against Coats, Weston, Manos and Engineering Interests)*

339.    Coats incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

340.     Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim against any Coats either as individuals or on behalf of the alleged Partnership.

341.     The averments of this paragraph are Denied.

342.     The averments of this paragraph are Denied.

343.     The averments of this paragraph are Denied.

344.     The averments of this paragraph are Denied.

345.     The averments of this paragraph are Denied.

346.     The averments of this paragraph are Denied.

## COUNT XXXI
*Aiding and Abetting*
*(All Plaintiffs against all Coats)*

347.     Coats incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

348.     Denied that Dr. Mohanty or Mr. Le Souef have any right to assert this claim against any Coats either as individuals or on behalf of the alleged Partnership.

349.     The averments of this paragraph are Denied.

350.     The averments of this paragraph are Denied.

351.     The averments of this paragraph are Denied.

352.     The averments of this paragraph are Denied.

## COUNT XXXII
*Declaratory Relief- Duty to Indemnify*
*(HMR against Manos, Significan, Significan AUS, and Weston)*

353.     Coats incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

354.     Admitted.

355.     The averments of this paragraph are Denied.

- 24 -

356.    The averments of this paragraph are Denied.

357.    The averments of this paragraph are Denied.

## AFFIRMATIVE DEFENSES

358.    Plaintiffs' claims are barred by Release, and accord and satisfaction.

359.    Plaintiffs' claims are barred by statute of limitations and/or laches.

360.    Plaintiffs' claims are barred by waiver.

361.    Dr. Mohanty and Mr. Le Souef have no right to assert any claim against Coats either as individuals or on behalf of the alleged Partnership, for reasons stated in the briefs filed by Coats in support of Coats' motions to dismiss and for summary judgment.

362.    Coats further expressly reserves the right to assert any other legal or equitable defenses to which it is entitled, and adopts and incorporates by reference, as if set forth herein, any affirmative defense asserted by any other Coats in this action to the extent that such affirmative defense would be applicable to this Coats.

## <u>COUNTERCLAIMS</u>

Coats/Counterclaim-Plaintiff Tracy Coats ("Coats") as and for his Counterclaims against Plaintiffs Hydrogen Master Rights, Ltd., Carl le Souef and Pravansu Mohanty respectfully shows and alleges, based upon Coats' personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others, as follows:

### <u>The Parties</u>

363.    Counterclaimant Tracy Coats ("Coats") is an individual residing in the State of Pennsylvania.

364.    Based on Plaintiff's assertion in its Amended Complaint, Coats alleges on information and belief that HMR is a Delaware corporation, having a principal place of business in Michigan.

365.    Based on Plaintiff's assertion in its Amended Complaint, Coats alleges on information and belief that Plaintiff Carl le Souef ("le Souef ") resides in, and is a citizen of, Australia.

366.    Based on Plaintiff's assertion in its Amended Complaint, Coats alleges on information and belief that Plaintiff Pravansu Mohanty ("Mohanty") resides in Michigan.

## Jurisdiction And Venue

367.    This Court has subject matter jurisdiction, because this a counterclaim in an action where the Court had subject matter jurisdiction, and, thus, this Court has supplemental or pendant jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367 because such claims are so related to Plaintiffs' claims that they form part of the same case or controversy under Article III of the United States Constitution.  The Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  Further, these counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 *et seq.*

368.    Venue is proper, because HMR, le Souef and Mohanty had filed the original action in this Court, and the Agreement forming at least part of the basis for these counterclaims requires that "The state and federal court located in the State of Delaware, shall have sole and exclusive jurisdiction over any action arising out of or relating to this Agreement."

## Factual Allegations

369.    On June 22, 2016, HMR, le Souef and Mohanty filed the present action against Coats, and on September 19, 2016, filed an Amended Complaint against Coats, in which one or more of the Plaintiffs asserted Counts XIII through XXII, XXV, XXVII, XXVIII, XXX and XXXI against Coats.

370.     On January 9, 2017, this Court entered an Order, by which the Court granted Coats' motion to dismiss Counts 19-21 without prejudice, and with leave to refile.

371.     As a result of HMR's actions and statements, including filing the Complaint and Amended Complaint, an actual and justiciable controversy has arisen between the parties regarding the claims asserted by HMR, le Souef and Mohanty against Coats.

372.     A judicial declaration is necessary and appropriate at this time to allow Coats to ascertain his rights and duties with respect to the Plaintiffs.

## FIRST COUNTERCLAIM – DECLARATION OF NON-LIABILITY

373.     Coats realleges and incorporates by reference the allegations set forth above in paragraphs 363-372 of his Counterclaims.

374.     HMR, le Souef and Mohanty filed the present action against Coats.  Coats denies that he had infringed or is infringing upon any valid or enforceable rights of the Plaintiffs, or is liable to any of them.

375.     An actual and justiciable controversy exists between the parties regarding the alleged infringement of Plaintiffs' rights by Coats.

376.     Coats seeks and are entitled to a judicial declaration and determination against HMR, le Souef and Mohanty that he has not has infringed upon any right of Plaintiffs, and that neither of HMR, le Souef or Mohanty has any valid and enforceable claim against him.

## SECOND COUNTERCLAIM – INDEMNIFICATION AGAINST HMR

377.     Coats realleges and incorporates by reference the allegations set forth above in paragraphs 363-374 of his Counterclaims.

378.     On or about June 27, 2014, Tracy Coats and his associated company, Disruptive Prosperity LLC ("DRL'') (or "Parties" under the explicit definition in the Agreement) entered into a Mutual General Release And Indemnity (the "Indemnity Agreement") with Hydrogen

- 27 -

Master Rights Ltd, and companies related to HMR, Sospito Holdings Ltd, Perturbo Holdings Ltd, Breakthroughs for Humanity Management Inc, and Copper Harbor Breakthroughs Inc (collectively "Company").

379.    The Indemnity Agreement provides in Section 2 that HMR shall indemnify Coats for attorney fees and other litigation expenses resulting from actions by third-parties:

> The Company agrees to indemnify, defend and hold harmless the Parties from any and all suits, claims, actions, arbitrations, or other proceedings brought against the Parties by a third party relating to any matters relating to the Parties shareholding or participation in the Company that are not the result of fraudulent activity by the Parties.

380.    The present action by le Souef and Mohanty are actions by third parties that are "brought against the Parties by a third party relating to any matters relating to the Parties shareholding or participation in the Company that are not the result of fraudulent activity by the Parties."

381.    HMR is obligated to indemnify Coats for, *inter alia*, all damages, costs and expenses [including, without limitation, reasonable attorney's fees and court costs] of every kind and nature whatsoever arising from the actions of le Souef and Mohanty.

382.    The Indemnity Agreement provides in Section 4.e that HMR shall indemnify Coats for attorney fees and other litigation expenses resulting from actions by third-parties:

> In the event of litigation to enforce any provision of this Agreement, to enforce any remedy available upon default under this Agreement, or to seek a declaration of the rights of either the Party or Company under this Agreement, the prevailing party shall be entitled to recover from the other such party its attorney's fees and costs as may be reasonably incurred, including the costs of reasonable investigation, preparation and professional or expert consultation incurred by reason of such litigation.

383.    By this action, Coats is seeking a declaration of the rights of either the Party or Company under this Agreement.  In the event that Coats is a prevailing party, Coats is entitled to recover from HMR its attorney's fees and costs as may be reasonably incurred, including the

costs of reasonable investigation, preparation and professional or expert consultation incurred by reason of such litigation.

## PRAYER FOR RELIEF

WHEREFORE, Coats asks this Court to enter judgment in Coats' favor and against Plaintiffs, and, particularly, that the Court:

A.     Enter judgment that Coats is not liable to Plaintiffs under any cause of action and deny all Plaintiffs' requests for damages, equitable relief, attorneys' fees and costs;

B.     Grant damages and indemnification to Coats;

C.     Permanently enjoin Plaintiffs and all persons acting on its behalf or in concert with them from charging, orally or in writing, that Coats has breached any obligations to Plaintiffs; and

D.     Award to Coats his reasonable attorneys' fees, litigation expenses and costs, and such other and further relief as the Court finds just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Coats hereby demands a trial by jury on all issues so triable in this action.


Dated: January 25, 2017              Respectfully submitted,

*/s/ George Pazuniak*
George Pazuniak (No. 478)
O'KELLY & ERNST, LLC
901 N. Market Street, Suite 1000
Wilmington, Delaware  19801
(302) 778-4000
(302) 295-2873 (facsimile)
gp@del-iplaw.com

*Attorneys for Tracy Coats*